No. 1228.

THE STATE OF LOUISIANA EX REL. M. S. CRAIN, DISTRICT ATTORNEY, ET AL. VS. A. W. O. HICKS ET AL.

Act No. 71 of 1882, for the purpose of increasing the number of judges in the first judicial district, clearly intended to limit the term of the new incumbent to the time of the next general election, to wit. the 22d of April, 1884.

That provision is not violative of Art. 109 of the Constitution, which fixes the term of all district judges at four years.

It is the true meaning, intent and spirit of the Constitution that general elections for district judges should occur only once every four years; and that the terms of all elective district judges should expire at the same time.

Hence, the General Assembly in increasing the number of district judges under authority of Article 110, cannot fix a term expiring at a time different from that at which expires the term of all other elective district judges in the State. Such a provision would be unconstitutional.

A PPEAL from the First District Court, Parish of Caddo. Hall, J.

*Land & Land* for the Relator, Appellant.

*M. S. Crain*, District Attorney, for the State.

*Wise & Herndon* and *T. F. Bell* for Defendant and Appellee.

*S. L. Taylor* in pro. per.

The opinion of the Court was delivered by

POCHÉ, J.   This litigation involves the question of the right to the office of one of the judges of the first judicial district.   It arose out of the following circumstances:

The General Assembly, acting under authority of Article 110 of the Constitution, passed Act No. 71 of 1882, for the purpose of increasing the number of judges for that judicial district from one to two.

The act stipulated that the additional judge thus provided for should "be elected as provided by law," and an election ordered by the Governor in pursuance thereof resulted in the election of the relator, John W. Jones, on the 18th of November, 1882.

Section 3 of the act provides that the additional judge "shall hold office until the next general election for district judges, or until his successor shall be qualified according to law."

He was accordingly commissioned for "the term of said office as fixed by law."

In his proclamation for the recent general election, held throughout the State on the 22nd of April last past, the Governor included two judges for the first judicial district, and at that election S. L. Taylor and A. W. O. Hicks, defendants herein, were elected, and they have been commissioned and qualified as such.

In his petition the relator concedes the legality of the election of S. L. Taylor, who was hitherto the sole incumbent of the office of judge of the first judicial district.   His suit is restricted to the defendant,

Hicks, whose election is alleged to have been unwarranted by the Constitution and not sanctioned by the laws applicable in the premises.

Relator's contention is: that on the 18th of November last, he was elected for a term of four years, which is the constitutional term of the office of district judges, and that any provision of Act No. 71, which may have warranted an election for said office at the last general election, is violative of Article 109 of the Constitution and is therefore null and void.

The defense is a general denial, coupled with the special plea that relator is estopped from questioning the legality of the election as held, by the fact of his having been a candidate before the Democratic convention for the nomination of that party as candidate for the same office at that very election.

This appeal is taken by Judge Jones from an adverse judgment rendered by the judge of the adjoining district acting in the place of the defendants, Hicks and Taylor, who recused themselves on the ground of interest.

From the foregoing statement of the pleadings and of the facts in the case, it appears that the question herein presented for solution is one of constitutional law, involving a discussion of the term of the office to which Judge Jones was elected in November last.

His main argument is, that a proper construction of sec. 3 of Act No. 71 would fix the term of his office at four years, to begin from the date of his election, and that under any other construction the section would be unconstitutional, as violative of Art. 109, which provides that district judges "shall be elected for the term of four years."

Hence, he contends that no election could be constitutionally held for that office before November, 1886. Under his construction, a special election should be ordered at that time and every four years thereafter. The same necessity would arise in the case of the additional judge for the twelfth judicial district created by operation of Act No. 22 of 1882, and of every additianal judge which the Legislature may create at its option under Article 110 of the Constitution.

Now, as the Legislature meets in the month of May only every two years, and that in one of those years there is no general election, and that in the other the general election is held in the month immediately preceding the meeting of the General Assembly, it follows that there would be as many special elections for district judges as the number of such offices which the Legislature may provide for.

A careful study of the system of Government contemplated by the Constitution, clearly demonstrates that such a frequency of elections,

and such want of uniformity in the expiration of the terms of important constitutional offices, are clashingly hostile to the ruling spirit of our organic law. The term of four years is the shortest term of all the elective offices created and provided for by the Constitution.

The true meaning and intent of that instrument, when construed under the guidance of that cardinal canon of interpretation which requires that all the parts of an instrument must be construed together, with a view to give effect to every part and to harmonize all the parts into uniformity, appears that all elective offices were to expire at the same time, and that all the incumbents should be elected at one and the same election. State *ex rel.* Shakespeare vs. Patton, 32 Ann. 1207; State *ex rel.* Railroad Company vs. Cage, 34 Ann. 509.

In order to better guard against the well recognized attendant evils of too frequent elections, the framers of the Constitution went to the extent of requiring that all parochial elections and the municipal elections of the two largest cities in the State should be held on the same day as the general election, "*and not oftener than once in four years.*" Article 192. This settled determination to avoid the dreaded recurrence of frequent elections culminated in the adoption of Article 191, which provides that "the general State elections shall be held once every four years.

This was followed by Article 262, which required that all officers whose election was provided for in the Constitution should be elected on the first Tuesday of December, 1879. And under the provisions of Article 265, the term of the officers thus elected terminated as though the election had been holden on the first Tuesday after the third Monday in April, 1880.

A proper construction of the Constitution makes it perfectly clear that the term of office of all the elective district judges in the State expired on the first Tuesday after the third Monday in April last past, and will continue to expire at the same time every four years thereafter.

We are equally clear in our conviction that the rule was intended by the framers of the organic law to apply to the term of office of judges created by the Legislature under authority of Article 110. A different ruling would effectually destroy the intended uniformity of the system, and would utterly defeat the well guarded precaution of the instrument to avoid the evil of too frequent elections.

It might with as much plausibility be argued in the sense of relator's contention that, if the Legislature were to create a new parish at its present session and order an election for representatives in said parish

in time for the next session (in 1886), that the term of office of such rep-resentatives would expire only four years after their election: and that in the future the election for the members from the parish thus created would be held at a time different from that of all other members of the General Assembly. The reverse of that proposition is the truth and is too plain for argument.

The only special elections authorized or contemplated by the Consti-tution are those intended to fill vacancies and that for the unexpired term of the office which may become vacant. Articles 22, 109, 160.

It is therefore clear to our minds that in creating an additional judge under the provisions of Article 110, the Legislature is powerless to fix the expiration of the term of the office at a time other than that fixed by the Constitution for the expiration of the term of office of all the elective district judges in the State.

Hence, we hold that this feature of Act No. 71, now under considera-tion, is so far from being violative of the Constitution, that a different provision would, on the contrary, be tainted with unconstitutionality.

But relator argues that the language of the section is liable to two constructions. It may be construed as limiting the term of the office to April, 1884—or to some future time at which a successor may be elected and qualified according to law.

He then contends that if the first limit was intended, the provision must be held as violative of Article 109. If the latter was contem-plated, then the term must be held as expiring only in November, 1886.

There is absolutely no force in the argument. If the legislative in-tent had been to fix a term longer than until April, 1884, it would have been unconstitutional, as we have already shown. But in point of fact, no such intention can be eked out of the language of the section. The intent to limit the term "at the next general election for district judges," is manifest and unambiguous. The words "or until his suc-cessor shall be qualified," do not and cannot alter the plain meaning of the previous sentence, which remains unshaken and mandatory in the letter of its provision. The use of these words amounts to nothing more than an express mention in the act of an implied condition in the expiration of the term of all offices, resulting from Article 161 of the Constitution, which provides that "all officers shall continue to dis-charge the duties of their offices until their successors shall be inducted into office."

Our conclusion is, therefore, that Judge Jones had been elected for a term which expired at the last general election for district judges,

which took place on the 22d of April, 1884, and that he is now *functus officio*. In his elaborate opinion, the district judge devotes considerable time to show that the election of Judge Jones in November, 1882, was legally held, and that the Governor had ample power and authority to order the same. But the discussion of that question would throw no light on the present controversy, which restricts the issue to the legality of the defendant Hicks' election. For the purpose of this opinion, we assumed the legality of the election. Under our views of the case, we also eliminate the discussion on the plea of estoppel interposed by the defendant.

The judgment appealed from is, therefore, affirmed, at the costs of relator Jones in both courts.